IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, 2400 Research Boulevard, Suite 500, Rockville, MD 20850, and TRUSTEES OF THE NATIONAL ELECTRICAL ANNUITY PLAN, 2400 Research Boulevard, Suite 500, Rockville, MD 20850, <br><br>Plaintiffs, <br><br>v. <br><br>MIRARCHI BROTHERS, INC. a Pennsylvania corporation, 2901 Samuel Drive, Bensalem, Pennsylvania 18974, <br><br>Defendant. | **COMPLAINT** <br> **CIVIL ACTION NO.** |

**(TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS AND FOR BREACH OF A COLLECTIVE BARGAINING AGREEMENTS)**

1. This is an action brought by multiemployer pension plans, the Trustees of the National Electrical Benefit Fund (hereinafter "NEBF") and the Trustees of the National Electrical Annuity Plan (hereinafter "NEAP"), to collect delinquent contributions and related amounts from Defendant Mirarchi Brothers, Inc., an employer that is obligated to contribute to NEBF and NEAP pursuant to the provisions of its collective bargaining agreements and the NEBF and the NEAP plan documents.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of this matter pursuant to Sections 502(e) and 515 of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. §§ 1132(e), and 1145, and supplemental jurisdiction for any state law claims under 28 U.S.C. § 1367(a). Plaintiffs are fiduciaries to the NEBF and the NEAP, and this action arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), and 1145. Venue is proper because Mirarchi Brothers, Inc. resides or may be found within this district. ERISA Section § 502(e)(2), 29 U.S.C. 1132(e)(2). This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

3. This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

**PARTIES**

4. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers (hereinafter "IBEW") and the National Electrical Contractors Association (hereinafter "NECA"). The NEBF is a defined benefit plan as defined by Section 3(35) of ERISA, 29 U.S.C. § 1002(35). The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

5. The NEAP is a multiemployer employee benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the IBEW and NECA. The NEAP is a defined contribution plan as defined by Section

3(34) of ERISA, 29 U.S.C. § 1002(34).  The address of NEAP is 2400 Research Boulevard, Suite 500, Rockville, Maryland, 20850-3238.

6. Defendant Mirarchi Brothers, Inc. is a Pennsylvania corporation business existing under Pennsylvania law with offices located at 2901 Samuel Drive, in Bensalem, Pennsylvania 18974.  At all times relevant hereto, Mirarchi Brothers, Inc., has operated as a contractor or subcontractor in the electrical industry and was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## STATEMENTS OF CLAIM

### (ALLEGATIONS COMMON TO CLAIMS BY NEBF AND NEAP)

7. Defendant is signatory and has been a signatory continuously during all relevant periods, to collective bargaining agreements (hereinafter "CBAs") with IBEW Local Unions 70, 126, and 351, among others, as the collective bargaining representatives of Defendant's employees.

8. Pursuant to the CBAs, Defendant is and has been obligated to report and submit contributions to the NEBF and the NEAP on behalf of the employees performing work within the jurisdiction of IBEW Local Union 70, 126 and 351, and is and has been obligated to submit contributions to NEAP on behalf of the employees performing work in the jurisdiction of IBEW Local Union 70.

9. Section 515 of ERISA requires an employer to make contributions to a multiemployer plan in accordance with its obligations under a collectively bargained agreement and the plan documents.  29 U.S.C. § 1145.

10. Defendant employed certain employees covered by the CBAs, but failed to pay the amounts when due to the NEBF and NEAP for work performed during the periods outlined herein as required by, inter alia, the CBAs.

11. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action. 29 U.S.C. § 1132(a)(3).

12. Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan bringing suit to recover delinquencies under Section 515 shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

## COUNT I

### (AMOUNTS OWED TO EMPLOYEE BENEFIT FUND PLAINTIFF FOR UNPAID CONTRIBUTIONS)

13. The NEBF and NEAP hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in Count I.

14. Defendant, pursuant to the CBAs, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (hereinafter "NEBF Trust Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

15. The NEBF Trust Agreement authorizes the Trustees to take all necessary actions to recover delinquent contributions. In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including audit costs and attorneys' fees, incurred in collecting the delinquency.

16. Notwithstanding its obligations pursuant to the CBAs and the NEBF Trust Agreement, Defendant failed to make all of its required contributions to the NEBF on behalf of the employees covered by the CBAs.

17. According to reports prepared by Defendant and submitted to NEBF's local collection agents, Defendant failed to pay the NEBF $177,767.80 in contributions for work performed during the period June 2020 through August 2021 ("Delinquent NEBF Contributions").

18. Interest on the Delinquent NEBF Contributions through the date hereof is equal to $12,717.18, and continues to accrue pursuant to the NEBF Trust Agreement.

19. Liquidated damages on the Delinquent NEBF Contributions are equal to $38,780.62.

20. The NEBF and its counsel made numerous demands for payment of the foregoing Delinquent NEBF Contributions and related interest and damages, but Defendant failed and refused to satisfy its contractual obligations.

21. Despite Defendant's breaches of its obligations, the Trustees to the NEBF will be required to provide benefits to the NEBF participants employed by Defendant upon their retirement, based on their years of credited service, which would include that period during which Defendant failed to contribute. This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

22. The NEBF has incurred attorneys' fees and costs in connection with its attempts to collect the delinquent contributions.

23. The NEBF will seek a judgment in this action against Defendant for all contributions, interest, liquidated damages, and attorneys' fees and costs which become due, are

reported due pursuant to remittance reports, are estimated to be due, or are otherwise determined as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT II

### (AMOUNTS OWED TO EMPLOYEE BENEFIT FUND PLAINTIFF FOR UNPAID CONTRIBUTIONS)

24. The NEBF and NEAP hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 23 as if fully set forth in Count II.

25. Defendant, pursuant to the CBAs, has been and is also bound to all terms and conditions of the Agreement and Trust for the National Electrical Annuity Plan (the "NEAP Trust Agreement"), which have governed the administration of NEAP at all times relevant to this action.

26. The NEAP Trust Agreement authorizes the Trustees to take all actions to recover delinquent contributions. In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees and costs, and audit expenses, incurred in collecting the delinquency.

27. Notwithstanding its obligations pursuant to the Collective Bargaining Agreements and the NEAP Trust Agreement, Defendant failed to make all of its required contributions to the NEAP on behalf of the employees covered by the Collective Bargaining Agreements.

28. According to reports prepared by Defendant and submitted to NEAP's local collection agent, Defendant failed to pay NEAP $797,320.16 in contributions for work performed during the period December 2020 through August 2021 ("Delinquent NEAP Contributions")

29. Interest on the Delinquent NEAP Contributions through the date hereof is equal to $39,836.48, and continues to accrue pursuant to the NEAP Trust Agreement.

30. Liquidated damages on the Delinquent NEAP Contributions are equal to $180,977.78.

31. The NEAP and its counsel made numerous demands for payment of the amounts determined by the auditor to be due, but Defendant failed to satisfy its contractual obligations.

32. Despite Defendant's breaches of its obligations, the Trustees of NEAP may be required to provide benefits to NEAP participants employed by Defendant, upon their retirement, based on the total amount of their individual accounts, which would include contributions which Defendant was required, but failed, to contribute.

33. The NEAP has incurred attorneys' fees and costs in connection with its attempts to collect the delinquent contributions.

34. The NEAP will seek a judgment in this action against Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, are reported due pursuant to remittance reports, are estimated to be due, or are otherwise determined as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff NEBF prays for judgment in its favor, and that the judgment include an order that Defendant pay to NEBF:

(a) **$177,767.80** in Delinquent NEBF Contributions;

(b) interest on the aforementioned Delinquent NEBF Contributions calculated at a rate of 10% per annum through the date hereof, plus any and all interest accruing from now until paid in full;

(c) liquidated damages in the amount of **$38,265.60**; and

(e) all attorneys' fee reasonable incurred by NEBF and costs of this action.

**WHEREFORE**, Plaintiff NEAP prays for judgment in its favor, and that the judgment include an order that Defendant pay to NEAP:

(a) **$797,320.16** in Delinquent NEAP Contributions;

(b) interest on the aforementioned Delinquent NEAP Contributions calculated at a rate of 10% per annum through the date hereof, plus any and all interest accruing from now until paid in full;

(c) liquidated damages in the amount of **$180,977.78**; and

(d) all attorneys' fees reasonably incurred by NEAP and costs of this action.

Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court deems appropriate, including but not limited to an award of all contributions, interest, liquidated damages and attorneys' fees and costs which become due, are reported due pursuant to remittance reports, are estimated to be due, or are otherwise determined as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

Respectfully submitted,

Dated: October 6, 2021

s/ Daniel Keenan
Daniel Keenan, Bar No. 323049
**O'DONOGHUE & O'DONOGHUE, LLP**
Constitution Place, Suite 600
325 Chestnut Street
Philadelphia, Pennsylvania 19106
Telephone: (215) 629-4970
dkeenan@odonoghuelaw.com

*Attorney for Plaintiffs - Trustees of the National Electrical Benefit Fund and Trustees of the National Electrical Annuity Plan*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 6th day of October, 2021 on the following:

Secretary of Treasury
15th and Pennsylvania Avenue, N.W.
Washington, D.C. 20220
ATTN: Employee Plans, Internal Revenue Service

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210
ATTN: Assistant Solicitor for Plan Benefits Security

                                              s/ Daniel Keenan
                                              Daniel Keenan